37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Chester PRYOR, Petitioner-Appellant,
v.
Joseph BOGAN; United States Parole Commission, Respondents-Appellees.
 No. 94-1339.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1994.
 
 Before: SUHRHEINRICH, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. He also moves for the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Chester Pryor challenged the computation of his parole and sentencing credit by claiming that the Parole Commission violated his constitutional right against double jeopardy. Pryor argued that: 1) the Commission exacted "double punishment" for the same criminal behavior by rescinding his probable parole date on a five-year sentence; and 2) the Commission incorrectly applied the Sentencing Guidelines.
 
 
 3
 The magistrate judge recommended dismissing Pryor's petition because the Parole Commission had not violated any of Pryor's constitutional rights. Although advised to do so, Pryor did not file objections to the magistrate judge's report and recommendation. Thereafter, the district court adopted the magistrate judge's report and recommendation and dismissed Pryor's petition for a writ of habeas corpus.
 
 
 4
 In his timely appeal, Pryor reasserts that he is being punished twice for the same criminal offense; however, he also denies that he ever asserted a double jeopardy argument. Instead, he claims to have asserted due process and equal protection arguments in the district court. He also argues that the district court erroneously enhanced his offense level at sentencing by twice considering, or double counting his "escape status." Pryor also reasserts that the Parole Commission incorrectly applied the Sentencing Guidelines when it denied him parole. He moves the court to appoint him counsel in this appeal.
 
 
 5
 Initially, we note that Pryor did not assert a due process or an equal protection argument in the district court. Pryor also did not present his double counting argument to the district court regarding his escape status. Thus, these issues will not be considered on appeal because they were not first raised in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993); Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 6
 We also conclude that Pryor has waived his right to bring this appeal because he did not file any objections to the magistrate judge's report and recommendation although he was specifically warned to do so. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). In addition, no exceptional circumstances are present in this case warranting an exception to the Walters rule in the interests of justice. See Thomas, 474 U.S. at 155 & n. 15.
 
 
 7
 Accordingly, we hereby deny Pryor's motion for the appointment of counsel and affirm the district court's judgment pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.